IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

In re:  LAW OFFICE OF JONATHAN   )
        E. FORTMAN, LLC,          ) Case No.:
                                  )
        Movant.                   )

## MOTION TO QUASH SUBPOENA AND FOR SANCTIONS

Comes now Movant Law Office of Jonathan E. Fortman, LLC, by and through counsel, and for its Motion to Quash Subpoena and For Sanctions states as follows:

1. The Law Office of Jonathan E. Fortman, LLC, is a limited liability company organized and existing under the laws of the State of Missouri engaged, in the business of providing legal services.

2. That the sole member of the limited liability company is Jonathan E. Fortman, an attorney licensed since 1992 in the State of Missouri, the United States District Court for the Eastern District of Missouri, and the United States Court of Appeals for the Eighth Circuit.

3. That Jonathan E. Fortman is one of four attorneys representing Aileen Connors in an objection she filed January 8, 2013 to a class-action settlement pending in the United States District Court for the Central District of California entitled *Samantha Ellison v. Steven Madden Ltd.*, Case No. CV 11-5935 PSG AGR.  That as the result of such objection, on January 14, 2013, Class Counsel in the aforementioned matter, issued a subpoena directed to the custodian of records of the Law Office of Jonathan E. Fortman, LLC.  That a copy of the subpoena is attached hereto as Exhibit 1.

4. The Subpoena requests that Movant produce document from January 1, 2006 through the present concerning cases in which Movant represented an objector to a class action, documents relating to fee agreements between movant and its clients in those cases, any communications between movant and his client in this case, communications between movant and all other co-counsel, and documents relating to any agreements between movant and co-counsel regarding any fee-sharing arrangement.

5. The subpoena further seeks deposition testimony from the custodian of records of movant on January 31, 2013.

6. The attempt to subpoena the information requested and obtain the deposition is outrageous and warrants sanctions for the following reasons:

    a. Pursuant to Rule 45(c)(1) of the Federal Rules of Civil Procedure, an attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.  Class counsel has failed to comply with that requirement.  Class counsel is utilizing the subpoena for an improper purpose, namely to harass and intimidate the attorneys for the objector in an attempt to bully the objector into withdrawing her objection.  The information sought is not relevant to the merits of the objection and seeks to limit the objector's ability to choose attorneys' best suited to advocate on her behalf.  Furthermore, requiring Movant to comply with the outrageous subpoena would also result in undue burden and expense on Movant.  Much of the information sought is available by search of

records on Pacer without the need for Movant to expend money and resources to have staff retrieve and review files back to 2006.

b. The outrageous document requests would also require Movant to produce documents and give testimony in direct violation of Rule 1.6 of the Missouri Rules of Professional conduct which states:

> (a) A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation, or the disclosure is permitted by Rule 4-1.6(b).
>
> (b) A lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary:
>
> (1) to prevent death or substantial bodily harm that is reasonably certain to occur;
>
> (2) to secure legal advice about the lawyer's compliance with these Rules;
>
> (3) to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client; or
>
> (4) to comply with other law or a court order.

Movant's client has not given informed consent to any such disclosure and none of the exceptions apply. Regarding former clients, Rule 1.9(c) provides:

> (c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
> (1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client or when the information has become generally known; or

> (2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.

Once again, none of Movant's former clients have authorized disclosure of any information related to movant's former representation.

> c. As a matter of public policy, it is repugnant to our system of jurisprudence to condone class counsels' actions.  Under this scenario, in any adversarial proceeding, counsel could subpoena records of opposing counsel for information unrelated to the merits of the litigation.  Due process grants class members the right to object to class action settlements they deem to be unfair to the class.  The backgrounds of her attorneys have absolutely no relevance to allowing the objector to exercise her rights guaranteed under the United States Constitution any more than the background of Class Counsel limits the class representative from proceeding with a class action.  If this subpoena is not quashed, Objector should be able to issue and serve a subpoena on Class Counsel seeking records of every class action they have filed since 2006, any communication among the co-counsel and any fee-sharing arrangements, along with deposing class counsel concerning their motivation and rationale behind proposing the settlement that has been offered to the class in this instant case.

Since 1947, the Supreme Court of the United States makes clear the public policy arguments against compelling the production of information from attorneys:

> Historically, a lawyer is an officer of the court and is bound to work for the advancement of justice while faithfully protecting the rightful interests of his  clients. In performing his various duties, however, it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. Proper preparation of a client's case demands that he assemble information, sift what he  considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference. . . This work is reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways — aptly  though roughly termed . . . as the "work  product of the lawyer." Were such materials open to opposing counsel on mere demand, much of what is now put down in writing would remain unwritten. An attorney's thoughts, heretofore inviolate, would not be his own. Inefficiency, unfairness and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial. The effect on the legal profession would be  demoralizing. And the interests of the clients and the cause of justice would be poorly served.. *Hickman v. Taylor*, 329 U.S. 495,510-511(1947); see also *State v. Cohen*, 262 S.W.3d 648, 650-651 (Mo. Banc. 2008).

To permit class counsel to depose an attorney or his custodian of records and compel production of documents concerning other matters and clients is effectively a reversal of sixty-six (66) years of jurisprudence.  Even grand jury subpoenas are not subject to an exception. <u>Cohen</u>, 262 S.W.3d at 654-655.

    d. Class Counsels' efforts to obtain such information from the objector's attorneys contradicts the language contained in the Long-Form Class Action Notice that makes it absolutely clear that unnamed class members have a right to seek advice from independent counsel should he or she have questions about the settlement.  The relevant sections are as follows:

Notice, para 11, pg 4:  "The Settlement Agreement describes the released claims with specific descriptions, so read it carefully.  If you have any questions you can talk to the lawyers listed in Question 18 for free, or you can, of course, talk to your own lawyer if you have questions about what this means."

>Notice, para 13, pg 4:  "If you want to be represented by your own lawyer in this case, you may hire one at your own expense."
>
>Notice, para 22, pg 5:  "Do I have to come to the (Fairness) hearing?  No.  Class Counsel will answer any questions the Court may have.  *** If you send an objection or comment, you don't have to come to Court to talk about it.  *** You may also pay another lawyer to attend, but it's not required."

The bottom line is Class Counsel offers their class members the opportunity to discuss the settlement with other attorneys- but do not want anyone to challenge their fees.  Objectors have the right to seek counsel of their choosing.  There is not a single case that has ever permitted an attorney representing an objector to be compelled to testify.

>e. Class Counsel is subject to an order that has limited discovery in this instant case, with a cutoff that occurred on August 7, 2012 (Exhibit 2, attached hereto, Document 31, ID #113, filed 11/8/11).  Class Counsel has failed to direct its litigation activities to the proper forum to lift such discovery cutoff, making it appropriate for this Court to immediately grant this Motion to Quash on such basis alone.
>
>f. Class Counsel seeks work product.  The information sought by class counsel through the obtainment of records from a law office and the deposition of its custodian of records is protected from production and constitutes the work product of the undersigned.    Even if such work product could be produced without violating the confidentiality of the clients, class counsel would need to make a showing of "substantial need" and that they were "unable without undue hardship to obtain the

substantial equivalent of the materials by other means." Id.  Here, Class Counsel seeks documents pertaining to other client matters that are a matter of public record, that are readily available should Class Counsel choose to access such databases.  Moreover, there is no "substantial need" to obtain communications concerning this law office and its clients and other attorneys, or its financial matters.

For this reason alone, the Motion to Quash should be granted.

h. Class counsel cannot provide this Court with any authority that would justify or condone the reversal of established ethical rules designed to protect the very abuses class counsel seeks to perpetrate by forcing this office to turn over its records concerning all clients for a seven (7) year period that are confidential in nature.  No abuse occurs by this Court quashing the subpoena, which on its very face is designed to harass and intimidate this law office and discourage it from litigating its objection on behalf of class member Aileen Connors.

7. The outrageous and unprofessional conduct of Class Counsel is further demonstrated by the fact that rather than serving the subpoena at the office location of the Movant, Class Counsel served Jonathan E. Fortman at his residence on the afternoon of Sunday, January, 20. 2013, while his children were present.  Class Counsel took said action to amplify their attempts to maximize the potential to harass and intimidate.  The Law Office of Jonathan E. Fortman, LLC, has staff present Monday through Friday from 8:00 a.m. through at least 5:00 p.m.  No attempt was


made to serve the office location at any time from January 14, 2013, the date the subpoena was issued, until it was served on counsel at his residence.

8.  Counsel for movant previously notified Class Counsel of his concerns and provided notice that if the subpoena was not withdrawn within twenty-four (24) hours, Movant would file this motion and seek sanctions.

9.  As a result of having to seek redress from this court, Movant has had to suspend work on other matters and expend time to address the outrageous efforts of class counsel.  In addition, Class Counsel is proceeding in bad faith with absolutely no legal authority or justification for undertaking such outrageous actions.  As a result, Movant seeks sanctions against Class Counsel, and each of them, in the amount of $5,000.00.

WHEREFORE, for the foregoing reasons, Movant prays this Court quash the subpoena, award it costs of $5,000.00 along with any further relief the Court deems just and proper.

Respectfully submitted,

LAW OFFICE OF JONATHAN E. FORTMAN, LLC

By   /S/  Jonaathan E. Fortman
Jonathan E. Fortman #40319MO
Attorney for Movant
10 Strecker Road, Suite 1150
Ellisville, MO  63011
(314) 522-2312
(314) 524-1519 Fax
jef@fortmanlaw.com

## CERTIFICATE OF SERVICE

      A true and accurate copy of the foregoing has been served on the following Class Counsel by electronic mail, this 21st day of January, 2013, addressed to the following:

Suzanne Havens Beckman
shavens@parisihavens.com
David C. Parisi
dcparisi@parisihavens.com
PARISI & HAVENS LLP
15233 Valleyheart Dr.
Sherman Oaks, California  91043


Ryan D. Andrews
randrews@edelson.com
Ari J. Scharg
ascharg@edelson.com
John C. Ochoa
jochoa@edelson.com
350 North LaSalle, Suit 1300
Chicago, Illinois  60654


                                                      /S/ Jonathan E. Fortman