# EXHIBIT 1

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

Eastern District of Missouri

| | | |
|---|---|---|
| Samantha Ellison | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   CV 11-5935 PSG AGR |
| Steven Madden Ltd. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Central District of California     ) |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   Custodian of Records for the Law Office of Jonathan E. Fortman, LLC, 10 Strecker Rd., Suite 1150, Ellisville, MO 63011

    ☑ *Testimony:*   **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See attached Schedule

| Place: Midwest Litigation Services | Date and Time: |
|---|---|
| 711 N 11th Street | |
| Saint Louis, Missouri 63101 | 01/31/2013 9:30 am |

    The deposition will be recorded by this method:   Stenographic means

    ☑ *Production:*   You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See attached Schedule

    The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:     01/14/2013

      *CLERK OF COURT*

                        OR

_____       _____
   *Signature of Clerk or Deputy Clerk*               *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    Plaintiff Smantha Ellison
                                                  , who issues or requests this subpoena, are:

Edelson McGuire, LLC, by Ryan D. Andrews
350 North LaSalle, Suite 1300, Chicago, IL 60654
phone: 312-589-6370   email: randrews@edelson.com

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   CV 11-5935 PSG AGR

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*

was received by me on *(date)*                    .

☐ I served the subpoena by delivering a copy to the named individual as follows:

_____                     on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$    69.38           .

My fees are $ _____      for travel and $ _____      for services, for a total of $    0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

### (c) Protecting a Person Subject to a Subpoena.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

### (d) Duties in Responding to a Subpoena.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (e) Contempt. The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

### ATTACHMENT A

### SUBPOENA RIDER TO THE CUSTODIAN OF RECORDS
### FOR THE LAW OFFICE OF JONATHAN E. FORTMAN, LLC

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Samantha Ellison

hereby requests that the Custodian of Records for the Law Office of Jonathan E. Fortman, LLC,

in accordance with the Definitions and Instructions set forth herein, produce for inspection and

copying the documents at the date of his or her deposition.

### DEFINITIONS

1.  "AILEEN CONNORS" means or refers to the Objector in THIS ACTION
represented by YOU.

2.  "CONSTANCE GIRATOS" means or refers to the Objector in THIS ACTION
represented by YOU.

3.  "DOCUMENT" or "DOCUMENTS" shall mean any writings, letters, telegrams,
memoranda, correspondence, email messages, memoranda or notes of conferences or telephone
conversations, reports, studies, lists, compilations of data, papers, books, records, contracts,
deeds, leases, agreements, pictures, photographs, transcripts, tapes, microfilm, computer data
files, printouts, accounting statements, mechanical and electrical recordings, checks, pleadings,
and other tangible things upon which any handwriting, typing, printing, drawing, representation,
photostatic, or other magnetic or electrical impulses or other form of communication is recorded,
stored or produced, including audio and video recordings and electronically-stored information
(including but not limited to e-mails, web pages, websites, computer discs, computer programs
and computer files, including, where applicable, compiled and uncompiled source code), whether
or not in printout form. These terms shall also mean copies of documents even though the
originals are not in your possession, custody or control; every copy of a document which

contains handwritten or other notations or which otherwise does not duplicate the original of any other copy; all attachments to any document; and any other document, item and/or information discoverable under federal law and procedure, including, without limitation, the items referenced in Federal Rules of Civil Procedure 34(a)(1) and 45(d)(1).

4.    "MAUREEN CONNORS" means or refers to the Attorney in THIS ACTION representing objectors AILEEN CONNORS and CONSTANCE GIRATOS.

5.    "PLAINTIFF" means or refers to the Plaintiffs and Class Representative in THIS ACTION, Samantha Ellison.

6.    "RELATED TO" means consist of, concern, discuss, mention, regard, refer to, reflect or be in any way logically, factually or legally connected, directly or indirectly, with the matter described.

7.    "THIS ACTION" refers to the litigation captioned *Samantha Ellison v. Steve Madden, LTD.,* Case No. CV-11-05935 PSG-AGR pending in the United States District Court for the Central District of California.

8.    "YOU" or "YOUR" means the Law Offices of Jonathan E. Fortman, including Jonathan E. Fortman, and any other partner, associate, employee, agent, representative, or administrator of said office.

## INSTRUCTIONS

Unless otherwise specified, the "Relevant Time Period" to which these requests are directed is from, and including, January 1, 2006 until the present.

If YOU cannot respond to a request in full after exercising due diligence to secure the information requested, so state and respond to the extent possible, specifying YOUR inability to respond to the remainder, stating whatever information YOU have concerning the unresponded portion and detailing what YOU did in attempting to secure the unknown information.

If YOU object to producing a DOCUMENT because of a privilege, YOU must provide the following information:

(1) the nature of the privilege claimed and/or the privilege rule being invoked;

(2) the date, type, and location of the DOCUMENT withheld, and such other information sufficient to identify the material, including, where appropriate, the author, the addressee, and the relationship between the author and the addressee; and

(3) the general subject matter of the DOCUMENT withheld.

All DOCUMENTS are to be produced in the form, order, and manner in which they are maintained in YOUR files. If YOU provide any DOCUMENTS in electronic media or machine-readable form, you must provide all information and things necessary for PLAINTIFF to fully access, read, and decode into plain English text all data and files so provided.

All electronic DOCUMENTS, file systems, digital media and electronically-stored information are to be produced in their respective native formats with all associated metadata intact and, if such electronic DOCUMENTS or electronically stored information are no longer available in their native formats for any reason, please identify the reasons such native format DOCUMENTS are no longer so available and the dates each such DOCUMENT became unavailable.

If any DOCUMENT requested has been lost or destroyed since its creation, identify the nature of the DOCUMENT, the date of the document, the persons who sent and received the original and any copy of the DOCUMENT, a summary of the content of the DOCUMENT, and describe when, where, how, and by whom said DOCUMENT was lost or destroyed, and state the name of the person(s) who last had custody thereof.

## DOCUMENTS TO BE PRODUCED

1.      All non-privileged DOCUMENTS that support the objection filed by YOU on January 8, 2013, in THIS ACTION.

2.      All DOCUMENTS that RELATE TO any and all objections that YOU filed to the approval of any class action settlement in any court in the United States (state or federal), including evidence of any payments made to YOU in exchange for withdrawing an objection or dismissing any appeal of an objection overruled at the trial court level.

3.      All DOCUMENTS that RELATE TO the resolution of any and all objections that YOU filed to the approval of any class action settlement in any court in the United States (state or federal), including evidence of any payments made to YOU in exchange for withdrawing an objection or dismissing any appeal of an objection overruled at the trial court level.

4.      All DOCUMENTS that RELATE TO any gain or benefit to class that resulted from an objection that YOU filed to the approval of any class action settlement in any court in the United States (state or federal).

5.      All DOCUMENTS that RELATE TO any and all objections that YOU filed to the approval of an application for attorneys' fees in connection with any class action settlement in any court in the United States (state or federal), including evidence of any payments made to YOU in exchange for withdrawing an objection or dismissing any appeal of an objection overruled at the trial court level.

6.      All DOCUMENTS that RELATE TO the resolution of any and all objections that YOU filed to an application for attorneys' fees in connection with any class action settlement in any court in the United States (state or federal) during the relevant time period, including

evidence of any payments made to YOU in exchange for withdrawing an objection or dismissing any appeal of an objection overruled at the trial court level.

7.     All DOCUMENTS that RELATE TO any gain or benefit to a class that resulted from an objection by YOU to an application for attorneys' fees in connection with any class action settlement in any court in the United States (state or federal).

8.     All DOCUMENTS that RELATE TO any payments made to any objector to a class action represented by YOU.

9.     All DOCUMENTS that RELATE TO any agreement describing the circumstances under which AILEEN CONNORS might receive any financial compensation in connection with any objections that YOU filed to any class action settlement, including but not limited to THIS ACTION.

10.     All DOCUMENTS that RELATE TO any agreement describing the circumstances under which CONSTANCE GIRATOS might receive any financial compensation in connection with any objections that YOU filed to any class action settlement, including but not limited to THIS ACTION.

11.     All DOCUMENTS that RELATE TO any agreement describing the circumstances under which AILEEN CONNORS might receive any financial compensation in connection with any objections that YOU filed to an application for attorneys' fees in connection with a class action settlement, including but not limited to THIS ACTION.

12.     All DOCUMENTS that RELATE TO any agreement describing the circumstances under which CONSTANCE GIRATOS might receive any financial compensation in connection with any objections that YOU filed to an application for attorneys' fees in connection with any class action settlement, including but not limited to THIS ACTION.

13.   All DOCUMENTS that RELATE TO any agreement describing the circumstances under which an objector might receive any financial compensation in connection with any objections that YOU filed to any class action settlement.

14.   All DOCUMENTS that RELATE TO any communication between YOU and AILEEN CONNORS concerning THIS ACTION including the retainer or engagement agreement between YOU and AILEEN CONNORS.

15.   All DOCUMENTS that RELATE TO any communication between YOU and CONSTANCE GIRATOS concerning THIS ACTION including the retainer or engagement agreement between YOU and CONSTANCE GIRATOS.

16.   ALL DOCUMENTS that RELATE TO any communication between YOU and any lawyer concerning THIS ACTION, including, but not limited to any lawyer associated with Steve A. Miller, PC, The Kress Law Firm, LLC, and/or Maureen Connors, Attorney at Law.

17.   ALL DOCUMENTS that RELATE TO any agreement or fee sharing arrangement between YOU and any lawyer associated with Steve A. Miller, PC, The Kress Law Firm, LLC, and/or Maureen Connors, Attorney at Law.

18.   All DOCUMENTS that RELATE TO any agreement describing the circumstances under which an objector might receive any financial or other compensation in connection with any objections filed by YOU to an application for attorneys' fees in connection with any class action settlement.

19.   All non-privileged DOCUMENTS that RELATE TO any financial benefit AILEEN CONNORS or MAUREEN CONNORS received for acting as an objector in *In re: Groupon Marketing and Sales Practices Litigation*, No. 11-md-2238 (S.D. Cal.).

13.    All DOCUMENTS that RELATE TO any agreement describing the circumstances under which an objector might receive any financial compensation in connection with any objections that YOU filed to any class action settlement.

14.    All DOCUMENTS that RELATE TO any communication between YOU and AILEEN CONNORS concerning THIS ACTION including the retainer or engagement agreement between YOU and AILEEN CONNORS.

15.    All DOCUMENTS that RELATE TO any communication between YOU and CONSTANCE GIRATOS concerning THIS ACTION including the retainer or engagement agreement between YOU and CONSTANCE GIRATOS.

16.    ALL DOCUMENTS that RELATE TO any communication between YOU and any lawyer concerning THIS ACTION, including, but not limited to any lawyer associated with Steve A. Miller, PC, The Kress Law Firm, LLC, and/or Maureen Connors, Attorney at Law.

17.    ALL DOCUMENTS that RELATE TO any agreement or fee sharing arrangement between YOU and any lawyer associated with Steve A. Miller, PC, The Kress Law Firm, LLC, and/or Maureen Connors, Attorney at Law.

18.    All DOCUMENTS that RELATE TO any agreement describing the circumstances under which an objector might receive any financial or other compensation in connection with any objections filed by YOU to an application for attorneys' fees in connection with any class action settlement.

19.    All non-privileged DOCUMENTS that RELATE TO any financial benefit AILEEN CONNORS or MAUREEN CONNORS received for acting as an objector in *In re: Groupon Marketing and Sales Practices Litigation*, No. 11-md-2238 (S.D. Cal.).

20. ALL DOCUMENTS that RELATE TO any appeal bond that YOU have been

ordered to pay in the appeal of any class action settlement approval where YOU have been or

represented the objector(s).

21. ALL DOCUMENTS that RELATE TO any sanctions, monetary or otherwise, that

have been ordered against YOU in any other class action where YOU have been or represented

the objector(s), at the trial or appellate level.

Dated: January 14, 2013                Plaintiff Samantha Ellison and on behalf of all
others similarly situated,


/s/ Ryan D. Andrews

One of Plaintiff's Attorneys


Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
David C. Parisi
dcparisi@parisihavens.com
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, CA 91403
Telephone: (818) 990-1299
Facsimile: (818) 501-7852

Ryan D. Andrews (*Pro Hac Vice)*
randrews@edelson.com
Ari J. Scharg (*Pro Hac Vice*)
ascharg@edelson.com
John C. Ochoa (*Pro Hac Vice*)
jochoa@edelson.com
EDELSON MCGUIRE LLC
350 North LaSalle, Suite 1300
Chicago, IL 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378

*Attorneys for Plaintiff*