UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

In re: LAW OFFICE OF JONATHAN )
E. FORTMAN, LLC, )
)
Movant. ) Case No. 4:13MC00042 AGF

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Movant Law Office of Jonathan E. Fortman, LLC, to quash a subpoena served on it by Respondent Edelson McGuire, LLC, instructing the custodian of records for the Movant to attend a deposition and to produce documents. Movant also seeks monetary sanctions for the costs incurred in pursuing this motion. For the reasons set forth below, the motion to quash the subpoena and for sanctions shall be denied.

## BACKGROUND

Movant represents an objector to a class action settlement in a case pending in the United States District Court for the Central District of California. Respondent is class counsel in that action. The objection to the settlement was filed on January 8, 2013. On January 14, 2013, respondent issued a subpoena[1] instructing the custodian of records for Movant to attend a deposition and to produce documents related to:

(1) The filing of the objection in the underlying action;

(2) Any objections filed in state or federal court by Movant[2] to other class action

---

[1] Movant asserts that he received service of the subpoena on January 20, 2013.
[2] The term "Movant" shall apply herein to the LLC and the individual members(s) and co-counsel.

settlements;

(3) Any fee sharing arrangements between Movant and its clients in relation to the current and other objections; and

(4) Any settlements or payouts Movant received in return for withdrawing a client's objection or appeal.

In support of the motion to quash the subpoena, movant asserts outrage at the documents request directed to opposing counsel in a case. Movant argues that the materials sought are not relevant to any issues in the underlying case, that the subpoena was served after the discovery cutoff date in the underlying action in an effort to circumvent that deadline, and that the materials sought are protected by the work-product doctrine and attorney-client privilege, and that production would be burdensome.

In response, Respondent characterizes Movant as a "professional objector attorney."[3] Respondent submits his affidavit attesting that Movant has filed over 26 objections to class action settlements in the past. Respondent asserts that the materials sought are relevant to the underlying action because when assessing the merits of an objection to a class action settlement, courts consider the background and intent of objectors and their counsel, particularly when indicative of a motive other than putting the interest of the class members first. Respondent states that he offered to withdraw the request for a deposition and to limit his requests to matters that were not work product or privileged.

---

[3] "Professional objectors" is a term used to describe those who seek out class actions to simply extract a fee by lodging generic, unhelpful protests. *Devlin v. Scardelletti*, 536 U.S. 1, 23 n.5 (2002).

**DISCUSSION**

The propriety of a subpoena is governed by Federal Rule of Civil Procedure 26(b)(1) which "permits a party to obtain discovery regarding any matter, that is not privileged, that is relevant to the claim or defense of any party." *Med. Protective Co. v. Bubenik*, No. 06CV01639, 2008 WL 1913993, at *2 (E.D. Mo. Apr. 28, 2008). "[T]he factors required to be balanced by the trial court in determining the propriety of a subpoena are the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." *In re NCAA Student-Athlete Name & Likeness Licensing Lit.*, No. 4:12-mc-00508 JAR, 2012 WL 4856968, at *2 (E.D. Mo. Oct. 12, 2012).

Here, the Court agrees with Respondent that the materials sought are relevant to assessing the merits of the objection to the class action settlement. *See In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1361 n.30 (S.D. Fla. 2011); *In re Kentucky Grilled Chicken Coupon Marketing & Sales Practices Litig.*, 280 F.R.D. 364, 383 (N.D. Ill. 2011).

Movant's other arguments are also unpersuasive. Respondent has agreed to limit the request to matters that are not work product or privileged. Any remaining confidentiality concerns of Movant can be addressed by an appropriate protective order, and the parties are directed to attempt to come to an agreement on the terms of such an order.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Movant Law Office of Jonathan E. Fortman, LLC, to quash and for sanctions is **DENIED**, subject to a protective order to be agreed upon by the parties. (Doc. No. 1.)

                                                                         *Audrey G. Fleissig*
                                                    AUDREY G. FLEISSIG
                                                    UNITED STATES DISTRICT JUDGE

Dated this 1st day of February, 2013.